# EXHIBIT "A"

FILED

CHARLES J. FERRERA #3310
Attorney at Law
Haseko Center
820 Mililani Street, Suite 701
Honolulu, Hawaii 96813
Telephone No.: (808) 599-5220

2011 FEB 17 PM 3: 04

J. YAGI, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MALIA RIDEOUT, | CIVIL NO. 11-1-0080 |
| Plaintiff, | [Other Civil Action] |
| vs. | COMPLAINT; SUMMONS |
| TIM DJANG, D.D.S.; BAY CLINIC, INC. dba KEAAU FAMILY HEALTH CENTER; KOKUA KALIHI VALLEY COMPREHENSIVE HEALTH SERVICES; and DOES 1-100, | |
| Defendants. | |

(22878)

## COMPLAINT

Plaintiff Malia Rideout, through her undersigned counsel, hereby complains as follows:

1. Plaintiff Malia Rideout (also hereinafter referred to as "Plaintiff and/or "Ms. Rideout") is, at all pertinent times, a resident of the County of Hawaii, State of Hawaii.

2. Defendant Tim Djang, D.D.S. (also hereinafter referred to as "Defendant" and/or "Dr. Djang") is, at all pertinent times, a resident of the County of Hawaii, State of Hawaii.

I hereby certify that this is a full, true and correct copy of the original on file in this office.

_____
Clerk, Third Circuit Court, State of Hawaii

3. Defendant Bay Clinic, Inc. dba Keaau Family Health Center (also hereinafter referred to as "Defendant" and/or "Keaau Family Health") is and was at all times pertinent herein a community health center and doing business in the County of Hawaii, State of Hawaii. Defendant Keaau Family Health is vicariously liable for the conduct of Defendant Dr. Djang.

4. Defendant Kokua Kalihi Valley Comprehensive Health Services (also hereinafter referred to as "Defendant" and/or "Kokua Kalihi Valley") is and was at all times pertinent herein a domestic non-profit corporation doing business in the County of Hawaii, State of Hawaii. Defendant Kokua Kalihi Valley is vicariously liable for the conduct of Defendant Dr. Djang.

5. All incidents described herein took place within the jurisdiction of the Circuit Court of the Third Circuit, State of Hawaii.

6. DOE DEFENDANTS 1-100 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to the Plaintiff, except that they are connected in some manner with the named Defendants and/or were the parents, guardians, agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors and/or owners, lessees, assignees, licensees, designees, and engineers of the named Defendants and/or in some manner presently unknown to the Plaintiff engaged in activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff and/or manufactured and/or designed, and/or placed on the market a product which was defective; which defect was a proximate cause of injuries or damages to Plaintiff and/or inspected and/or maintained and/or controlled some object

or product in a negligent manner which negligence was a proximate cause of injuries or damages to Plaintiff and/or conducted some activity in a negligent or dangerous manner; which negligent or dangerous conduct was a proximate cause of injuries or damages to Plaintiff and/or were in some manner related to the named Defendants and Plaintiff prays for leave to insert herein their true names, identities, capacities, activities and/or responsibilities when the same are ascertained. Plaintiff and his counsel have made a diligent and good faith effort to ascertain the full names and identities of all potential Defendants herein by examining all documents available to them in this matter.

7. Plaintiff has obtained and reviewed documents concerning the incident which is described in this complaint in an attempt to ascertain the names and identities of the persons and/or entities who are in some manner responsible for the injuries to Plaintiff. However, Plaintiff at this time is unable to identify the names and identities of the persons and/or entities until Plaintiff proceeds with discovery. Plaintiff prays leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained.

8. On April 13, 2009, Plaintiff Malia Rideout received dental treatment from Defendant Tim Djang, D.D.S. at the Bay Clinic, Inc. dba Keaau Family Health Center, while Dr. Djang was an agent of Kokua Kalihi Valley Comprehensive Family Services and while Dr. Djang was an agent of Bay Clinic, Inc. dba Keaau Family Health Center. On April 13, 2009, Ms. Rideout went to Keaau Family Health Center with the intention of having a cavity filled in her tooth no. 14, where she had been experiencing pain for approximately four weeks. She also wanted the dentist to take a look at tooth no. 10 and possibly fill in a small chip that she had seen. Dr. Djang performed x-rays on teeth nos. 10 and 14 and then told Ms. Rideout that tooth

no. 10 needed an immediate root canal. Ms. Rideout told Dr. Djang that she wanted him to address tooth no. 14 first; however, Dr. Djang insisted on performing a root canal on tooth no. 10.

9. The root canal that Dr. Djang performed on tooth no. 10 was unnecessary and was performed negligently, in that--among other things--Dr. Djang pierced the sinus cavity with one or more of his instruments, negligently drilled the tooth and injured nerves, the sinus cavity and other structures and caused or contributed to an infection. Dr. Djang was further negligent in that he prescribed inadequate medication for the root canal/infection. Dr. Djang's negligent conduct proximately caused Plaintiff to experience an infection in the left tooth area, sinus area and eye area which eventually caused damage to her eye, her trigeminal nerve, her inner ear, her face, her heart and other organs/structures. Dr. Djang's negligent conduct proximately caused Plaintiff to experience multiple nerve injuries in the area of the tooth, eye, ear, inner ear, heart and a specific injury to the trigeminal nerve and cranial nerves 5-8 for which she seeks special damages, including but not limited to, past, present and future medical bills and past, present and future lost wages/loss of employability and general damages according to proof.

10. Dr. Djang negligently failed to perform a root canal on tooth no. 14 and the negligent failure to perform the root canal on tooth no. 14 proximately caused Plaintiff to unnecessarily loose tooth no. 14 for which she seeks special damages, including but not limited to, past, present and future medical bills and past, present and future lost wages/loss of employability and general damages according to proof.

11. Defendant Dr. Djang was negligent in his choice of treatments, dental plan, execution of initial activities related to the root canal, the decision to perform the root canal

on tooth no. 10 and to fail to perform the root canal on tooth no. 14. and in other ways, all of which proximately caused injury to Plaintiff for which she seeks general and special damages, including but not limited to, past, present and future medical bills and past, present and future lost wages/loss of employability.

12. Defendant negligently and carelessly failed to disclose all the risks of the procedures and failed to disclose alternatives. As a proximate result of said negligence and carelessness, Plaintiff suffered serious and permanent injuries as set forth hereinabove and below, for which Plaintiff seeks general and special damages, including but not limited to, past, present and future medical bills and past, present and future lost wages/loss of employability.

13. Dr. Djang was negligently trained and negligently supervised and should not have been allowed to perform a root canal such as he performed on Plaintiff.

14. Defendant acted wilfully wantonly and with gross negligence for which reason Plaintiff seeks punitive damages according to proof.

WHEREFORE, Plaintiff seeks the following relief:

1. General damages as to each cause of action;

2. Special damages according to proof at trial;

3. Punitive damages;

4. Attorney's fees and costs of suit herein;

5. Interest; and

6.  Such other and further relief as the Court may deem proper.

DATED: Honolulu, Hawaii, _____ FEB 1 4 2011 _____.

_____
CHARLES J. FERRERA
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| MALIA RIDEOUT, | ) | CIVIL NO. _____ |
| | ) | [Other Civil Action] |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| TIM DJANG, D.D.S.; BAY CLINIC, INC. dba KEAAU FAMILY HEALTH CENTER; KOKUA KALIHI VALLEY COMPREHENSIVE HEALTH SERVICES; and DOES 1-100, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

(22878)

## SUMMONS

TO THE DEFENDANT(S):

You are hereby summoned and required to serve upon Charles J. Ferrera, Esq., Plaintiff's attorney, 820 Mililani Street, Suite 701, Honolulu, Hawaii 96813, an answer to the First Amended Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

This summons shall not be personally delivered between 10:00 P.M. and 6:00 A.M. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Hilo, Hawaii, __FEB 17 2011__.

__J. YAGI (SEAL)__<br>
Clerk of the above-entitled Court